UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CRITICAL CARE SPECIALISTS, INC., et al.                                PLAINTIFFS

v.                                                    CIVIL ACTION NO. 3:08CV-312-S

FUKUDA DENSHI CO., LTD.                                                DEFENDANT

### MEMORANDUM OPINION

This matter is before the court on motion of the defendant, Fukuda Denshi Co., Ltd., to dismiss or alternatively to transfer the action (DN 9). For the reasons set forth herein, we conclude that the claim for fraud has not been plead with particularity, as required by Fed.R.Civ.P. 9(b). Therefore, the complaint will be dismissed.

Critical Care Specialists, Inc. ("CCS") and Katherine F. Semmes (collectively "plaintiffs") and Fukuda Denshi Co., Ltd. ( "Fukuda" or "defendant"), are parties to a Distribution Agreement entered into on May 1, 2006. According to the complaint, Semmes is a citizen of Kentucky and is the president and sole shareholder of CCS, a Kentucky corporation. Fukuda is a foreign corporation organized under the laws of Japan, with its principal place of business in Tokyo, Japan. Fukuda's United States operations are headquartered in Redmond, Washington. Fukuda is a manufacturer of medical equipment. CCS is an independent manufacturer's representative selling medical equipment to hospitals, clinics, and other health care providers.

The complaint recites one count alleging that Fukuda fraudulently induced the plaintiffs[1] to enter into a Distribution Agreement whereby they were granted certain rights to sell Fuduka's products.

Rule 9(b) of the Federal Rules of Civil Procedure establishes a heightened pleading standard for claims of fraud.

> Under the general pleading requirements of the Federal Rules of Civil Procedure, a federal civil complaint need only state "a short and plain statement of the claim showing that the plaintiff is entitled to relief." Fed.R.Civ.P. 8(a). However, the federal rules recognize limited exceptions to Rule 8(a)'s simplified pleading standard. For example, claims of fraud are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b), which provides: "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind may be averred generally." We have said that Rule 9(b) requires that a plaintiff's averments of fraud specify the time, place, and content of the alleged false or fraudulent representations. *Arrunda*, 310 F.3d at 18-19. The purpose of this requirement is to "give notice to defendants of the plaintiffs' claim, to protect defendants whose reputation may be harmed by meritless claims of fraud, to discourage 'strike suits,' and to prevent the filing of suits that simply hope to uncover relevant information during discovery." *Doyle v. Hasbro, Inc.*, 103 F.3d 186, 194 (1st Cir. 1996).

*United States ex rel. Karvelas v. Melrose-Wakefield Hospital*, 360 F.3d 220, 226 (1st Cir. 2004). In *Hoover v. Langston Equipment Associates, Inc.*, 958 F.2d 742, 745 (6th Cir. 1992) the United States Court of Appeals for the Sixth Circuit found that

> The district court did not err in...dismissing Count One pursuant to Rule 9(b), that plaintiffs had not alleged with specificity who had made particular misrepresentations and when they were made but rather plaintiffs had articulated general averments of fraud attributed to "the defendants." The complaint identifies relationships between various of the defendants, but it alleges misrepresentations without sufficiently identifying which defendants made them. The complaint does not enable a particular defendant to determine with what it is charged.

---

[1] The complaint names Katherine F. Semmes as an individual plaintiff in this action in addition to the corporation of which she is the President and sole shareholder. The contract in issue is between CCS and Fuduka, a Japanese corporation. Semmes executed the contract in her capacity as President of CCS.(*see*, Exhibit A to the Complaint). The complaint utilizes both "plaintiff" and "plaintiffs" in the allegations of fraudulent inducement. The claims are so general and imprecise that it is impossible to tell whether Semmes is making a claim for damages individually. However, the prayer for relief seeks damages in favor of "the plaintiffs" in addition to other remedies.

In this action, the plaintiffs have sued a Japanese corporation, which maintains its principal place of business in Tokyo and U.S. headquarters in Washington, and which conducts business throughout the United States. The complaint contains the following allegations:

> 7. In March of 2006, Defendant began communicating with Plaintiffs in an attempt to induce Plaintiffs to enter into a product distribution agreement prepared by the Defendant...Ultimately, on May 1, 2006, in reliance upon the false and misleading inducements of the Defendant, Plaintiff entered into a "Distribution Agreement"...
>
> 9...Defendant made many and detailed false promises and misrepresentations concerning the extensive marketing campaign that Defendants supposedly would undertake to support its sales efforts. But for these false promises and misrepresentations, Plaintiff most certainly would not have entered into any distribution agreement...
>
> 10. Over a period of several months beginning in March 2006, Fukuda made numerous false statements and material representations designed to make plaintiffs believe that Fukuda had committed itself to a substantial marketing campaign and product modification/development...
>
> 11. In reliance upon the false statements and misrepresentations of Defendant, Plaintiffs fruitlessly expended more than $300,000...

These sparse and overly general allegations are insufficient to place the defendant on notice of the bare minimum of the time place and content of the alleged false or fraudulent representations. At best, it is alleged that over a three-month period in 2006, Fukuda, an international corporation, made unidentified promises, misrepresentations, and false statements concerning a marketing campaign and product modification/development. The complaint contains no statements. The complaint contains no identification of the maker of any statements, or to whom or how or where such statements were made. The complaint contains no dates on which any statements were made, other than the identification of a 3-moth window in 2006. The complaint is thus subject to dismissal for failure to plead fraud with particularity in accordance with the mandate of Fed.R.Civ.P. 9(b). A separate order will be entered this date in accordance with this opinion.

**IT IS SO ORDERED.**

September 8, 2009

Charles R. Simpson III, Judge
United States District Court